In the Matter of the ESTATE of Mary JACKSON, deceased.
No. A-7036.

District Court, Alaska
First Division, Juneau.
April 12, 1955.

See also D.C., 123 F.Supp. 143.

H. L. Faulkner, of Faulkner, Banfield & Boochever, Juneau, Alaska and William L. Paul, Jr., Seattle, Wash., for appellant.

Mildred R. Hermann, Juneau, Alaska, for appellee.

Edward A. Merdes, Asst. Atty. Gen., Territory of Alaska, for claimant.

FOLTA, District Judge.

In the final stage of this protracted litigation among the heirs over the distribution of the assets of the estate consisting principally of cash, the Territory interposed its claim for old age pension payments made over many years, in an amount exceeding the value of the liquid assets, and ultimately prevailed. Upon presentation of a proposed judgment, exceptions were filed by the attorneys who defended the suit to a provision thereof that would require them to refund their fees. The substantive question presented is whether repayment may be compelled, and the procedural question presented concerns the remedy.

Sec. 54–6–7 of the Alaska Code, invoked by the Territory in support of its contention that the Court has the power to order an attorney to repay fiduciary moneys illegally paid him, does not in my opinion support its position, for it is reasonably clear that this provision is addressed to the attorney-client relationship and that the procedure contemplated involves an application for an order to show cause, the issuance of such an order upon the attorney, his response, a hearing to determine whether he acted in good faith and without misconduct, and if so, the remission of the client to his legal remedy. Nodine v. Hannum, 1 Alaska 302, citing In re Paschal, 10 Wal. 483, 19 L.Ed. 992, in which the Supreme Court discusses fully the rationale underlying this type of summary procedure. I conclude, therefore, that the provisions of 54–6–7 may be invoked only by applying for an order to show cause.

The remaining question is whether, under its authority over its officers and estates generally, the Court may order the attorneys to repay the amount of fees received from the assets of an estate. I am of the opinion that upon principle and authority the procedure employed by the Territory is ill-adapted to afford an adequate opportunity to litigate this question, for even in the absence of the defense urged that the attorneys come within the definition of bona fide purchasers for value, which may have some merit, it may well develop that they are entitled to reasonable fees notwithstanding that they represented the losing party. Annotation, 128 A.L.R. 1002, 1011.

I am of the opinion, therefore, that in the circumstances of this case, the remedy sought is not available to the Territory and that the exceptions should be sustained.